**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dung Thi Ta,<br><br>    Plaintiff,<br><br>v.<br><br>Sean Cannon, *et al.*,<br><br>    Defendants. | No. CV-19-03288-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Dung Thi Ta's Motion for Default Judgment (Doc. 15) against Defendant Sean Cannon and Defendant Cannon Law Firm, PLLC (collectively, "Defendants"), which is supported by the Declaration of Daniel Huynh (Doc. 15-1, at 7).

**I.    Background**

In her First Amended Complaint (Doc. 9, FAC), Plaintiff alleges that Defendants, on behalf of the Cambridge Estates Homeowners Association (the "Association"), filed a foreclosure action against her in the Superior Court of Maricopa County (the "state court action") seeking to recover $10,996.00 that Plaintiff purportedly owed to the Association. (FAC ¶¶ 11, 13–14.) In the state court action, Defendants filed a motion for entry of judgment and a ledger in support, which purportedly itemized the amounts Plaintiff owed. (FAC ¶¶ 15–16.) The state court granted default judgment against Plaintiff in the amount of $12,707.33, plus interest (the "State Court Judgment").[1] (FAC, Ex. 3.) Defendants then

---

[1] Plaintiff alleges that she is elderly, does not speak English, and was not notified of the state court action before the State Court Judgment was entered. (FAC ¶ 17.)

obtained a Writ of Special Execution (the "Writ") that included $2,920.00 in costs in addition to the $12,707.33 awarded in the State Court Judgment. (FAC ¶ 46.)

In the current action, Plaintiff alleges that Defendants "falsely inflated the amount of the alleged debt owed to the Association" in the state court action. (FAC ¶ 45.) Plaintiff contends that Defendant Cannon authored the ledger he submitted to the state court, the ledger failed to include a $3,335.00 payment made on Plaintiff's account, and the ledger included two fictitious entries for "special assessments" totaling $4,275.00 (FAC ¶¶ 16, 18, 26, 32.) Plaintiff further argues that $2,720.00 of the costs included in the Writ were unauthorized. (FAC ¶¶ 46–48.)

Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f; tortious interference with contractual relations; and conversion. (FAC ¶¶ 57, 63, 69, 73.) Plaintiff properly served Defendants, (Docs. 10, 11), and Defendants have failed to appear or defend in this action. Pursuant to Plaintiff's Application, the Clerk of the Court entered default as to Defendants (Doc. 13) on July 10, 2019. Plaintiff then filed the present Motion for Default Judgment (Doc. 15).

**II.     State Court Judgment**

Although the Court is sympathetic to Plaintiff's position, the Court lacks the authority to review or modify the State Court Judgment under the *Rooker-Feldman* doctrine. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). In this action, Plaintiff seeks to recover $10,530.00 in actual damages and $1,000.00 in statutory damages. (Mot. at 9.) The actual damages are comprised of $4,275.00 for fictitious special assessments and $3,335.00 for payments that were made on Plaintiff's account but not reflected on the ledger Defendant filed in the state court action, as well as $2,920.00 for the additional costs that Defendants included in the Writ. (Mot. At 4.) If the Court were to consider the allegedly fictitious special assessments or the payments Plaintiff allegedly made in the state court action, the Court would modify portions of the State Court Judgment—an action barred by the *Rooker-Feldman* doctrine.

The Court therefore will only evaluate Plaintiff's claims as they relate to the $2,920.00 in costs included in the Writ that are in excess of the State Court Judgment.

The Court notes that a plaintiff seeking to reverse or nullify a state court judgment is not without remedy. For example, in instances when a party aims to challenge an Arizona state court judgment, Rules 59 and 60(b) of the Rules of Civil Procedure for the Superior Courts of Arizona provide a procedure to challenge a final judgment.

### III. Remaining Claims

The Court now considers Plaintiff's claims to the extent they do not disrupt the State Court Judgment. Before a district court enters a judgment of default, it must consider seven factors: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure that favors a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon consideration and balancing of these factors, the Court finds that they weigh in favor of entering judgment of default in part against Defendants.

Factors One and Two—the merits of the claim and the sufficiency of the complaint—favor entry of judgment with respect to Plaintiff's claim under 15 U.S.C. § 1692e. Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates this section if it falsely represents "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff alleges that Defendant Cannon falsely represented the amount Plaintiff owed to the Association by demanding payment of unauthorized costs. (FAC ¶ 57.) Plaintiff contends that $2,720.00[2] of the costs included in the Writ would be paid directly to Cannon because no amount approaching $2,720.00 was owed to the Association by Plaintiff post-judgment. (FAC ¶ 46.) Plaintiff further alleges

---

[2] The "costs to date" in the Writ include a Sheriff's deposit of $200.00. (Doc 15-1 at 58.) Based on Plaintiff's own allegations in her First Amended Complaint, the $200.00 Sheriff's deposit is a valid cost. (FAC ¶¶ 46–47.)

that the state court never authorized the $2,720.00 in costs that Defendant Cannon included in the Writ. (FAC ¶¶ 46–48.) The Court takes these well-pleaded factual allegations of the First Amended Complaint as true, as it must. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Factors Four and Six—the possibility of prejudice and whether default was due to excusable neglect—also favor entry of judgment. Plaintiff has diligently prosecuted this matter, and Defendant Cannon, who received proper service and is trained in the law yet failed to participate in any way, is unlikely to be able to demonstrate excusable neglect. Factor Three—the amount of money at stake—further favors entry of judgment.

In addition to the $2,720.00 in actual damages addressed above, Plaintiff also requests $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k. (FAC ¶ 76; Mot. at 9.) Section 1692k provides that a debt collector who violates the FDCPA is liable for actual damages and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). In determining whether to award statutory damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Plaintiff has set forth sufficient facts demonstrating Defendants' repeated violations of the FDCPA, and thus the Court awards $1,000.00 in statutory damages to Plaintiff. (Mot. at 4–5, 9.) Accordingly, the Court concludes that entry of judgment of default is proper in this matter as to both Defendants, jointly and severally, in the amount of $3,720.00.

With respect to Plaintiff's remaining claims—violation of 15 U.S.C. § 1692f, tortious interference with contractual relations, and conversion—the Court finds that Plaintiff is not entitled to an entry of default judgment. As to Plaintiff's § 1692f claim, Plaintiff contends that "Defendants collected amounts from Plaintiff, then failed to credit those amounts, then attempted to collect them again by the demand letter and Superior Court Action." (Mot. at 7.) As discussed above, the Court cannot disrupt the State Court Judgment pursuant to the *Rooker-Feldman* doctrine. As to Plaintiff's tortious interference

with contractual relations claim, Plaintiff has not alleged facts suggesting that she suffered damage beyond the damage she suffered as a result of the State Court Judgment. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 31 (Ariz. 2002) (explaining that under Arizona law, a *prima facie* case of intentional interference requires "resultant damage to the party whose relationship has been disrupted"). Finally, Plaintiff's conversion claim also fails because once Plaintiff made the required payments to the Association, she no longer possessed the right to control the funds. *See Focal Point, Inc. v. U-Haul Co. of Ariz., Inc.*, 746 P.2d 488, 489 (Ariz. Ct. App. 1986) (defining conversion as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel"). Plaintiff therefore is not entitled to entry of default judgment as to her 15 U.S.C. § 1692f claim, tortious interference with contractual relations claim, or conversion claim.

### IV. Attorneys' Fees

Plaintiff seeks an award of attorneys' fees and costs incurred in this action and has reserved the right to file a motion for attorneys' fees and bill of costs. (Mot. at 9, 11.) The Court will consider Plaintiff's request for attorneys' fees and costs upon the receipt of those filings.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion for Default Judgment (Doc. 15) against Defendants Sean Cannon and Cannon Law Firm, PLLC.

**IT IS FURTHER ORDERED** that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter Judgment in favor of Plaintiff Dung Thi Ta and against Defendants Sean Cannon and Cannon Law Firm, PLLC, jointly and severally, in the total principal amount of $3,720.00, which is comprised of actual damages of $2,720.00 and statutory damages of $1,000.00. These amounts shall bear post-judgment interest at the federal rate from the date of Judgment until paid. The Clerk of Court shall also close this case.

**IT IS FURTHER ORDERED** that any motion for attorneys' fees and bill of costs shall be filed by Plaintiff in compliance with Local Rules 54.1 and 54.2 and within 14 days of the date of this Order, if Plaintiff so chooses.

Dated this 21st day of November, 2019.

Honorable John J. Tuchi
United States District Judge